[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE DISCOVERY
While counsel were able to resolve a significant amount of the discovery dispute, there remain three areas of disagreement between the parties as to the disclosure and production requests CT Page 3939 by the defendant.
1. The plaintiff seeks to protect the mental impressions of the claims adjusters of General Accident from the date of loss to the date of the original action in November 1994.
2. The plaintiff claims that any notes or records of claims arising out of an April 21, 1991 fire are irrelevant to this lawsuit.
3. As to the documents and reports of experts the plaintiff does not intend to call to testify, the plaintiff argues that there has been no showing as required under P.B. § 220(B).
As to Item 3, counsel agreed at oral argument that the plaintiff would provide a list of the requested documents. After reviewing that list, the defendant may seek further court action for production of specified documents.
As to Item 1, the court looks to the language of P.B. § 219, and specifically the final sentence of the first paragraph, which reads:
 In ordering discovery of such materials when the required showing has been made, the court shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
The court sustains the plaintiff's objection as to the mental impression of the claims adjuster, but notes that documents shall be produced by the plaintiff and General Accident Insurance Company pursuant to the parties' agreement. From those documents shall be redacted any mental impressions, conclusions, opinions or legal theories regarding the litigation.
As to Item 2, the court overrules the plaintiff's objection. While the fire occurred over two years before the fire in this lawsuit, that fire reportedly involved an oil mist ventilation device which the defendant claims is a factor in this fire. Under P.B. § 218, "discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall CT Page 3940 not be ground for objection that the information sought will be inadmissible at trial if the information sought appearsreasonably calculated to lead to the discovery of admissibleevidence."
DiPentima, J.